DAVIS WRIGHT TREMAINE LLP
PETER L. ISOLA (CSB 144146)
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Creditor TOSHIBA CORPORATION

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>CYBERHOME ENTERTAINMENT, INC.,<br><br>Debtor. | CASE NO. 06-41544 J7<br><br>Chapter 7<br><br>**OPPOSITION TO MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF INTERESTS**<br><br>Date: October 5, 2006<br>Time: 3:00 p.m.<br>Place: 1300 Clay Street, Courtroom 215<br>Oakland, California 94612 |

Toshiba Corporation ("Toshiba") respectfully submits this memorandum of law in opposition to John T. Kendall's (the "Trustee") motion for an order authorizing him to sell certain property of the bankruptcy estate of CyberHome Entertainment, Inc. (the "Debtor") free and clear of the potential interests ("Trustee's Motion").

As described in further detail, Toshiba opposes the auction of the portion of the Debtor's estate consisting of 100,000 units of new, in-the-box DVD players because such DVD players are covered by patents owned by Toshiba, neither the Debtor nor the Trustee is authorized to sell such DVD players, and, as a result, any sale of such DVD players by the Trustee would be an infringement of Toshiba's patents. Further, contrary to the Trustee's assertions, Toshiba's interest in the DVD players is not in bona fide dispute and Toshiba cannot be compelled to

OPPOSITION TO MOTION FOR ORDER AUTHORIZING TRUSTEE
TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF INTERESTS
Case No. 06-41544 J7

Case: 06-41544   Doc# 32   Filed: 10/02/06   Entered: 10/02/06 16:40:31   Page 1 of 10

accept money satisfaction. Thus, the Bankruptcy Court should deny the Trustee authority to sell these units absent Toshiba's authorization. If the Bankruptcy Court grants the Trustee authority to sell these units, the Bankruptcy Court should require the Trustee to pay all royalties due to Toshiba on such units directly from the proceeds of such sale.

**I.     BACKGROUND**

In or around October 2004, Toshiba and Citron Electronics Company, Ltd. ("Citron") executed a DVD Patent License Agreement (the "License Agreement"), effective by its terms as of July 22, 2004. (*See* Declaration of Catherine Nyarady in Opposition to Trustee's Motion ("Nyarady Decl."), Ex. 1.) Citron manufactures DVD Products[1] and sells them through Debtor. (*See* Declaration of Aron M. Oliner in Support of Trustee's ("Oliner Decl."), Ex. C, ¶¶ 108, 109.) The License Agreement "grants Licensee and its Affiliates a non-exclusive, non-transferable license to make, have made, use, import, offer for sale, sell and otherwise dispose of DVD Products under the DVD Patents or any of their claims pursuant to the Conditions of Exhibit 3" to the License Agreement. (Nyarady Decl., Ex. 1, § 2.1.) Under the License Agreement, "Affiliates" are "any corporation, firm, partnership, proprietorship, or other form of business entity, in whatever country organized or resident, directly or indirectly controlled by such party." (*See* Nyarady Decl., Ex. 1 at Ex. 3, § 1.13.) Debtor has admitted that it is an Affiliate of Citron as that term is defined in the License Agreement. (*See* Oliner Decl., Ex. C, ¶ 73.)

Under the License Agreement, Citron was obligated to pay royalties on all DVD Products it and its Affiliates (including Debtor) sold or otherwise transferred. (*See* Nyarady Decl., Ex. 1 at Ex. 3, §2.2.) With respect to DVD Players, the royalty payable was the greater of 4% of the Net Selling Price of the DVD Player or U.S. $4.00 per DVD player. (*See* Nyarady Decl., Ex. 1 at Ex. 3, § 2.4.) The License Agreement provided that the "royalty shall accrue when the DVD Product is invoiced, or if not invoiced, when ownership or possession is transferred to another party. (Nyarady Decl., Ex. 1 at Ex. 3, § 2.7.) The License Agreement further provided that "[u]pon termination of this Agreement, royalties shall be due and payable with respect to all

---

[1] Under the License Agreement, "DVD Products" are DVD Decoders, DVD Encoders, DVD Players, DVD Read-only Discs, DVD Recordable Discs, Cases, or DVD Recorders. (Nyarady Decl., Ex. 1 at Ex. 3 § 1.8.)

OPPOSITION TO MOTION FOR ORDER AUTHORIZING TRUSTEE
TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF INTERESTS
Case No. 06-41544 DM                    2                    SFO\550421v1 50022-311

Case: 06-41544    Doc# 32    Filed: 10/02/06    Entered: 10/02/06 16:40:31    Page 2 of 10

DVD Products made by, or made for, Licensee but not yet sold or transferred." (Nyarady Decl., Ex. 1 at Ex. 3, § 2.12.)

The License Agreement also required Citron to submit, within forty-five days after June 30 and December 31 of each semiannual period, a written statement ("royalty report") that sets forth (1) "the quantities of DVD Products manufactured (or manufactured for) and sold by Licensee and its Affiliates, for each product type of DVD Products," (2) "the trademarks or trade names used on or in connection with the DVD Products sold, if any," and (3) "a computation of the royalties due under th[e License] Agreement." (*See* Nyarady Decl., Ex. 1 at Ex. 3, § 2.13.)

In February and June 2005, Citron submitted royalty reports that materially understated the number of DVD Products manufactured and sold by Citron for the respective reporting periods. (*See* Nyarady Decl., Ex. 2, pp. 31-32, ¶¶ 16-19.) On July 20, 2005, Toshiba notified Citron that, because of these material breaches and Citron's failure to cure these breaches, Toshiba was terminating the License Agreement effective 30 days from that date, i.e. as of August 19, 2005. (Nyarady Decl., Ex. 2, p. 32, ¶ 19.)

In August 2005, a representative of Citron, James Carroll, Debtor's General Counsel, proposed a meeting with Toshiba in order to try to resolve the dispute. (*See* Nyarady Decl., Ex. 2, p. 33, ¶ 23; Oliner Decl., Ex. C, ¶ 87.) On August 23 and 24, 2005, Carroll met with Toshiba at its offices in Japan to discuss the License Agreement dispute. (*See* Nyarady Decl., Ex. 2, p. 34, ¶ 24; Oliner Decl., Ex. C, ¶ 87.) However, the dispute was not resolved.

On October 31, 2005, Toshiba filed a complaint against Debtor in the District of Delaware in a case captioned *Toshiba Corp.* v. *CyberHome Entertainment, Inc.*, No. 05 CV 757 (D. Del.). Toshiba's complaint alleged that Debtor infringed six of its DVD patents[2]. The case was subsequently transferred to the Southern District of New York, and, on February 7, 2006, Toshiba filed an amended complaint. On March 6, 2006, Debtor, through its counsel Sonnenschein Nath & Rosenthal LLP ("Sonnenschein"), filed an answer and counterclaims, which was later amended on March 15, 2006.

---

[2] United States Patent Nos. 5,587,991, 5,732,185, 6,009,433, 6,128,434, 6,226,727, and 6,374,040.

On December 19, 2005, Citron, through its counsel Sonnenschein filed a complaint against Toshiba in the Southern District of New York in a case captioned *Citron Electronics Co., Ltd.* v. *Toshiba Corp.*, No. 05 CV 10626 (S.D.N.Y.). Citron's complaint alleged, among others, claims for breach of contract and the covenant of good faith and fair dealing, and sought a declaratory judgment of non-infringement and invalidity of certain of Toshiba's patents, that Citron was not in material breach of the License Agreement, that proper notice of termination was not provided to Citron, and that there was no termination of the License Agreement by Toshiba. On March 15, 2006, Citron filed an amended complaint.

On April 6, 2006, Toshiba Answered and Counterclaimed against Citron and Debtor, alleging, among others, counterclaims for breach of contract and patent infringement. On May 5, 2006, Citron and Debtor Replied to those Counterclaims (amended on June 5, 2006). On June 22, 2006, the cases were consolidated (the "New York Action"). (*See* Nyarady Decl., Ex. 3.)

On June 20, 2006, Toshiba notified Citron that, if in fact the License Agreement were still in effect, Citron would again be in breach for failure to timely pay royalties admittedly owed. (*See* Declaration of Fusao Kaneda in Support of Toshiba's Opposition to Trustee's Motion ("Kaneda Decl.") ¶ 3.) Citron did not respond to Toshiba's June 20 letter. (Kaneda Decl. ¶ 8.) Accordingly, on July 25, 2006, Toshiba sent Citron a letter providing Citron with notice of termination of the License Agreement. (Kaneda Decl. ¶ 9.) Citron did not respond to that letter either. (Kaneda Decl. ¶ 10.)

On August 18, 2006, Sonnenschein filed a motion in the New York Action asking to withdraw as counsel of record for Citron. (*See* Nyarady Decl., Ex. 4.) In support of its motion, Sonnenschein stated that Citron "would not continue to prosecute the litigation or defend against Toshiba's Counterclaims, and would be amenable to the entry of a default judgment against it." (Nyarady Decl., Ex. 5, ¶ 6.)

Subsequently, on August 21, 2006, Sonnenschein also moved to withdraw as counsel of record for Debtor in the New York Action because Debtor consented to Sonnenschein's withdrawal and Debtor no longer wished to prosecute or defend the action due to its financial problems. (*See* Nyarady Decl., Ex. 6.) In support of its motion to withdraw as Debtor's counsel,

OPPOSITION TO MOTION FOR ORDER AUTHORIZING TRUSTEE
TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF INTERESTS
4

Sonnenschein submitted the declaration of James Carroll, which stated that Debtor had ceased all business operations, had insufficient funds to continue the litigation, and had "no product to sell, and ha[d] terminated all employees except for a few core employees that are responsible for winding up the affairs of CyberHome." (Nyarady Decl., Ex. 7, ¶ 6.) Due to these purported financial difficulties, among other reasons, Debtor terminated Sonnenschein's engagement, instructed Sonnenschein to withdraw and indicated that it would "consent to the entry of a default judgment" against it in the action. (Nyarady Decl., Ex. 7, ¶ 7.)

On August 28, 2006, Toshiba filed an emergency motion for partial summary judgment on its counterclaim for breach of contract, seeking a judgment that Citron and Debtor owed Toshiba at least $9,560,561.90 in past-due royalties and that the License Agreement was properly terminated. (*See* Nyarady Decl., Ex. 8.) Neither Citron nor Debtor submitted a response to Toshiba's emergency motion for partial summary judgment.

On September 5, 2006, Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in this Bankruptcy Court, which automatically stayed the New York Action with respect to Debtor (but not with respect to Citron).

On September 6, 2006, the District Court in the New York Action heard oral argument on Sonnenschein's motion to withdraw as counsel for Citron and on Toshiba's emergency motion for partial summary judgment. At oral argument, neither Sonnenschein nor Citron contested the merits of Toshiba's emergency motion for partial summary judgment. Consequently, on September 8, 2006, the District Court in the New York Action entered an order that, among other things, required Citron "to appear by new United States counsel not later than the close of business on September 21, 2006." (Nyarady Decl., Ex. 9, ¶1.) The order further provided that "[i]f Citron fails to do so, a judgment will be entered against it dismissing with prejudice its First Amended Complaint, finding that the DVD Patent License Agreement between Toshiba and Citron was terminated at least as early as August 24, 2006, and for such damages for its breach contract . . . that Toshiba may prove at an inquest before a Magistrate Judge." (Nyarady Decl., Ex. 9, ¶ 1.) Citron failed to comply with the District Court's September 8 Order.

Pursuant to the District Court's request, on September 21, 2006, Toshiba submitted a

OPPOSITION TO MOTION FOR ORDER AUTHORIZING TRUSTEE
TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF INTERESTS
Case No. 06-41544 JR
10

Case: 06-41544    Doc# 32    Filed: 10/02/06    Entered: 10/02/06 16:40:31    Page 5 of 10

proposed partial judgment, which dismisses Citron's First Amended Complaint, and finds that the License Agreement between Toshiba and Citron was terminated no later than August 24, 2006, and that Citron is liable to Toshiba for breach of contract for damages in the amount of $9,560,561.90. (*See* Nyarady Decl., Ex. 10.)

On September 21, 2006, the Trustee filed a motion for entry of an order authorizing him to sell at auction 100,000 new, in-the-box DVD Players in Debtor's estate free and clear of any interest Toshiba, among others, may have in those DVD Players. In support of his motion, the Trustee contends that he may sell the DVD Players free and clear of Toshiba's interest under 11 U.S.C. § 363(f)(4) and (5) because Toshiba's interest is subject to a bona fide dispute and Toshiba can be compelled to accept a money satisfaction of judgment.

Citron has not paid Toshiba any royalties due under the License Agreement, including for the 100,000 DVD players the Trustee seeks to sell. (See Kaneda Decl. ¶¶ 3, 12.) Toshiba will not consent to the sale of the DVD Players unless it is paid the royalty owing on such sale. The Trustee has not attempted to negotiate a licensing agreement with Toshiba nor has he given Toshiba assurances that royalties owing on such sale would be paid directly from the proceeds of the sale. (*See* Nyarady Decl. ¶¶ 2-3.)

## II. BASES FOR DENIAL OF MOTION

The Bankruptcy Court should deny the Trustee's Motion for three reasons: Toshiba's interest is not subject to a bona fide dispute; under federal patent law, Toshiba cannot be compelled to accept money satisfaction; and sale of the DVD Players by the Trustee would constitute an act of patent infringement. In the alternative, if the Bankruptcy Court grants the Trustee's Motion, the Bankruptcy Court should require the Trustee to pay Toshiba royalties owing on such sale directly from the proceeds of such sale.

*First*, contrary to the Trustee's argument[3], the sale of the DVD players cannot proceed under 11 U.S.C. § 363(f)(4) because a bona fide dispute does not exist as to whether Citron, and

---

[3] The Trustee's assertion that Toshiba's interest is in bona fide dispute is a red herring. Even if the underlying license *were* in dispute, which it is not, and Debtor were a licensee, which it is not, the license at issue is a non-exclusive patent license and, thus, cannot be assumed by the Trustee. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999).

Debtor as Citron's affiliate, is licensed to sell products that embody Toshiba's DVD patents. "The purpose of § 363(f)(4) is to permit property of the estate to be sold free and clear of interests that are disputed by the representative of the estate so that liquidation of the estate's assets need not be delayed while such disputes are being litigated." *In re Clark*, 266 B.R. 163, 171 (B.A.P. 9th Cir. 2001). Here, the license dispute has already been adjudicated. The District Court indicated at the September 6 hearing that it would enter an order granting partial summary judgment should Citron fail to respond to Toshiba's motion. (*See* Nyarady Decl., Ex. 9, ¶ 1.) Such judgment would include a finding that the License Agreement between Toshiba and Citron, which had permitted Citron and its affiliates (such as Debtor) to sell DVD players embodying Toshiba's patents, had been terminated as least as early as August 24, 2006 and that Citron is liable for breach of the License Agreement in an amount to be proven at an inquest before a Magistrate Judge. (*See* Nyarady Decl., Ex. 9, ¶ 1.)

Citron failed to oppose Toshiba's motion for partial summary judgment as required by the District Court's September 8 Order. Consequently, under the September 8 Order, Toshiba is entitled to a judgment against Citron as set forth in that order. Moreover, due to Citron's material breaches of the License Agreement, Toshiba has notified Citron that the License Agreement has been terminated. (Kaneda Decl. ¶ 9.) As a result, there is no dispute as to whether Citron and Debtor, as its affiliate, are licensed; they are not.

Further, there is no dispute as to what an appropriate royalty on the DVD players under the License Agreement would be. The terms of the License Agreement are clear: with respect to DVD players, the royalty payable is the greater of 4% of the Net Selling Price of the DVD player or U.S. $4.00 per DVD player. (*See* Nyarady Decl., Ex. 1 at Ex. 3, § 2.4.) Thus, there is no bona fide dispute as to Toshiba's interest.

*Second*, Toshiba cannot be compelled to accept money satisfaction because, under the federal patent laws, Toshiba is entitled to seek injunctive relief as well as money damages. Under the patent laws, the court can enjoin the sale of infringing goods in order to prevent future infringement. *See* 35 U.S.C. § 283 ("The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of

any right secured by patent, on such terms as the court deems reasonable."). While money damages may be acceptable relief for past infringement, *see id.* § 284, Toshiba has a right to seek injunctive and other equitable relief to prevent future acts of infringement, such as the Trustee's contemplated sale. Indeed, if the Trustee's Motion is granted and the Trustee does not agree or has not been ordered to pay the royalty due on such sale, Toshiba will be constrained to seek injunctive relief to prevent the infringing sale and enforce its rights under the patents.[4] *See Larami Ltd.* v. *Yes! Entertainment Corp.*, 244 B.R. 56, 58-60 (D.N.J. 2000) (finding that the automatic stay "does not impede a plaintiff's post-petition claim for damages" or prevent a plaintiff from seeking to enjoin unlawful conduct occurring post-petition); *Broadcast Music, Inc.* v. *Game Operators Corp.*, 107 B.R. 326, 327 (D. Kan. 1989).

*Third*, Debtor was only authorized to sell DVD players as, at best, a third-party beneficiary of Toshiba's License Agreement with Citron. However, the License Agreement between Toshiba and Citron has been terminated. (*See* Kaneda Decl. ¶ 9; Nyarady Decl., Ex. 9, ¶ 1.) Toshiba has not received any royalties on the units that are the subject of the Trustee's Motion. (Kaneda Decl. ¶ 12.) Thus, the Debtor has no license to sell such inventory. Therefore, the Trustee, as the representative of the estate, is not licensed to sell these DVD players. *See In re Pilz Compact Disc, Inc.*, 229 B.R. 630, 634 (E.D. Pa. 1999) (noting that where the debtor never had a valid license for phonorecords or such licenses had been revoked due to debtor's failure to pay royalties or provide a written accounting of manufacture and sales "the present bankruptcy estate does not consist of inventory for which the trustee, as the representative of the estate, has a valid license to sell").

Debtor has never been licensed by Toshiba. However, even if Debtor is found to have rights under the License Agreement as a third-party beneficiary, the Trustee cannot assume those rights under the License Agreement. *See*, *e.g.*, *In re Catapult Entertainment, Inc.*, 165 F.3d 747, 749-50 (9th Cir. 1999); *In re CFLC, Inc.*, 89 F.3d 673, 676-79 (9th Cir. 1996). Although "[s]ection 365 of the Bankruptcy Code gives a trustee in bankruptcy . . . the authority to assume,

---

[4] Toshiba would have sought such an injunction in the New York Action but for the Debtor's representation through James Carroll, its General Counsel, that it had "no product to sell . . . ." (*See* Nyarady Decl., Ex. 7, ¶ 6.)

OPPOSITION TO MOTION FOR ORDER AUTHORIZING TRUSTEE
TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF INTERESTS
Case No. 06-41544 T 8

Case: 06-41544    Doc# 32    Filed: 10/02/06    Entered: 10/02/06 16:40:31    Page 8 of 10

assign, or reject the executory contracts and unexpired leases of the debtor, notwithstanding any contrary provisions appearing in such contracts or leases," *In re Catapult Entertainment*, 165 F.3d at 749 (citing 11 U.S.C. § 365(a) & (f)),

> a trustee may not assume or assign any executory contract . . . of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if . . . applicable law excuses a party, other than the debtor, to such contract . . . from accepting performance from or rendering performance to an entity other than the debtor . . . , whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and . . . such party does not consent to such assumption or assignment . . . .

11 U.S.C. § 365(c)(1)(A) & (B). A non-exclusive patent license, such as the License Agreement, is an executory contract under 11 U.S.C. § 365 that is a personal interest and cannot be assigned unless the patent owner authorizes the assignment. *In re Catapult Entertainment*, 165 F.3d at 750; *In re CFLC, Inc.*, 89 F.3d at 679. Thus, even if the License Agreement had not been terminated, the Trustee could not assume it without Toshiba's consent. Here, Toshiba has not consented to the Trustee's assumption of the License Agreement and, therefore, the Trustee does not have a valid license to sell the DVD players.

Further, absent a license from Toshiba, the Trustee's proposed sale would infringe Toshiba's patents. The federal patent law provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). The DVD players embody technology that is covered by Toshiba's DVD patents. Accordingly, under § 271 of Title 35 of the United States Code, the DVD Players can only be sold if the seller has a valid license. The Trustee has not sought or obtained a license from Toshiba. (*See* Nyarady Decl. ¶¶ 2-3.) Thus, the proposed sale would constitute infringement under 35 U.S.C. § 271(a). Therefore, the Trustee's Motion should be denied.

*Alternatively*, if the Bankruptcy Court grants the Trustee's Motion and allows the sale of the DVD players, the Bankruptcy Court should require the Trustee to pay the royalties due and owing to Toshiba directly from the proceeds of such sale prior to the payment of claims of other creditors because payment of such royalties is a requirement of the sale. To the extent that there

OPPOSITION TO MOTION FOR ORDER AUTHORIZING TRUSTEE
TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF INTERESTS
Case No. 06-41544 T
9
SFO\350422\v1 50022-311

Case: 06-41544    Doc# 32    Filed: 10/02/06    Entered: 10/02/06 16:40:31    Page 9 of 10

are other licensors to whom royalties on such sale would also be due, Toshiba does not object to a pro rata division of the royalties among licensors provided that such royalties are paid directly from the proceeds of such sale prior to the payment of claims of other creditors.

### III. CONCLUSION

For the foregoing reasons, the Trustee's Motion should be denied. If the Trustee's Motion is granted, the following conditions should apply on the sale: (1) the Trustee must pay Toshiba's royalties due and owing directly from the proceeds of such sale prior to the payment of claims of other creditors and (2) to the extent that there are other licensors to whom royalties on such sale would also be due, such royalties should be paid to the licensors on a pro rata basis directly from the proceeds of such sale prior to the payment of claims of other creditors.

Dated: October 2, 2006

DAVIS WRIGHT TREMAINE LP

By: /S/Peter L. Isola
    Peter L. Isola (CSB 144146)

505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
*Attorneys for Creditor Toshiba Corporation*

OPPOSITION TO MOTION FOR ORDER AUTHORIZING TRUSTEE
TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF INTERESTS
Case No. 06-41544 JT7
10

Case: 06-41544    Doc# 32    Filed: 10/02/06    Entered: 10/02/06 16:40:31    Page 10 of 10
SFO 354210v1 50022-311