Corporate Strategists
Attorneys at Law
Cedric T. Chou SBN 152583
James A. Shalvoy SBN 129503
1201 Morningside Drive
Suite 215
Manhattan Beach, CA 90266
Tel 310-796-0447
Fax 310-796-0277
chou@csfirm.com
shalvoy@csfirm.com

Attorneys for Secured Creditor,
Defendant, and Counterclaimant
Ta Chong Bank Ltd.

FILED
2007 FEB 20 PM 2:07
U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
OAKLAND, CA.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re:

CYBERHOME ENTERTAINMENT, INC.

    Debtor.

_____

JOHN T. KENDALL, Trustee,

    Plaintiff,

v.

TA CHONG BANK CO., LTD.

    Defendant.

_____

TA CHONG BANK, LTD.,

    Counterclaimant,

) Case No. 06-41544 J7
) (Chapter 7)
)
) Adv. No. 06-04282
)
) **OBJECTION OF TA CHONG BANK**
) **LTD. TO TRUSTEE'S**
) **APPLICATION FOR ORDER**
) **AUTHORIZING TRUSTEE TO**
) **EMPLOY SPECIAL COUNSEL**
)

1

Ta Chong Bank Ltd. Objection Re Special Counsel

Case: 06-41544   Doc# 120   Filed: 02/20/07   Entered: 02/22/07 13:05:56   Page 1 of 17

```
                            v.              )
                                            )
        JOHN T. KENDALL, Trustee,           )
                                            )
                    Counterdefendant.       )
                                            )
```

Secured creditor, defendant, and counterclaimant, Ta Chong Bank Ltd. ("TCB"), herein files this opposition to the application by Chapter 7 Trustee, John T. Kendall ("Trustee"), for order authorizing Trustee to employ special counsel, and in support thereof, states as follows:

1. On or about September 5, 2006 (the "Petition Date"), CyberHome Entertainment, Inc. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, Oakland Division (the "Bankruptcy Court").

2. Trustee is the duly appointed, qualified, and acting Chapter 7 trustee of the Debtor's bankruptcy estate.

3. TCB is a corporation organized under the laws of Taiwan, R.O.C., doing business in the state of California. TCB is listed in the Debtor's bankruptcy schedules as holding a secured claim of $42,319,407.00.

4. On or about December 20, 2006, Trustee commenced an adversary proceeding in the Bankruptcy Court against TCB, alleging causes of action for: (1) avoidance and recovery of preferential transfers; (2) determination of extent, validity and priority of lien; (3) declaratory relief; (4) turnover and accounting of estate property; and (5) objection to claim (the "Adversary Proceeding").

5. In the Adversary Proceeding, Trustee contends,

among other things, that, prior to the Petition Date, TCB entered into one or more factoring agreements (the "Factoring Agreements") with the Debtor by which TCB claims to have purchased certain of the Debtor's accounts receivable.

6. On or about December 22, 2006, TCB filed its Proof of Claim ("POC") in this matter, to which it attached copies of agreements it entered into with Debtor involving the factoring of Debtor's accounts receivable with, among others, Wal-Mart Stores, Inc. ("Wal-Mart"), Hitachi High Technologies America, Inc. ("Hitachi"), Target Stores, Inc. ("Target"), and Circuit City Stores, Inc. ("Circuit City") (collectively the "Factored Accounts Receivable").

7. The amount allegedly owing on the Factored Accounts Receivable is approximately $41,843,247.00.

8. In its POC, TCB submitted substantial and unrefuted evidence that it purchased the Factored Accounts Receivable outright and owns the monies owing on the Factored Accounts Receivable free and clear as a result of the Factoring Agreements. TCB also claims it has a secured interest in the Factored Accounts Receivable, as well as all of the Debtor's accounts receivable, and any other assets, as a result of a UCC-1 financing statement it filed with respect to, among other things, the Debtor's accounts receivable.

9. Counsel for TCB is advised that the Trustee seeks the appointment of Charles Novack as special counsel to collect the accounts receivable from Wal-Mart and Circuit City (sometimes collectively the "Retailers") because Trustee's current counsel, Duane Morris LLP, has a conflict of interest with respect to the

3

1  Retailers due to its prior or ongoing representation of them.
2         10. Notwithstanding, TCB submits that the appointment
3  of a special counsel to collect accounts receivable against the
4  Retailers is <u>improper</u>, to the extent those accounts receivable
5  have been purchased and are owned by TCB pursuant to the
6  Factoring Agreements. Neither the Trustee nor his counsel have
7  the right to sue to collect the Factored Accounts Receivable
8  because they are not property belonging to the estate but are,
9  instead, property of TCB which it owns free and clear due to its
10 purchase of same pursuant to the Factoring Agreements. Any
11 demand made by the special counsel, or litigation commenced,
12 against the Retailers with respect to the Factored Accounts
13 Receivable will inevitably be met by the Retailers' defense that
14 they have received conflicting demands from TCB and the Trustee
15 and cannot pay same due to the possibility that they may be
16 paying the wrong party.
17        11. The appointment of a special counsel to collect the
18 Factored Accounts Receivable is also <u>unnecessary</u>. TCB has agreed
19 in principle with the Trustee's current counsel, Duane Morris
20 LLP, to jointly collect the Factored Accounts Receivable from the
21 Retailers and deposit them in a blocked account pending
22 resolution of the Trustee's Adversary Proceeding. <u>See</u>
23 "Stipulation and [Proposed] Order Regarding Monies Owed By Third
24 Parties ("Stipulation")," a true and correct copy of which is
25 attached hereto. The Stipulation has been forwarded to counsel
26 for the Trustee, Duane Morris LLP, for its review and approval.
27        12. This Court's entry of an order pursuant to the
28 Stipulation will (1) make the appointment of a special counsel

4

unnecessary, and (2) facilitate collection of the Factored Accounts Receivable from the Retailers by removing the Retailers' defense of not wanting to pay the wrong party.

13. TCB respectfully submits that the appointment of a special counsel to collect the Factored Accounts Receivable is both improper and unnecessary. The special counsel does not have the right to collect the Factored Accounts Receivable from the Retailers, forcing TCB to intervene in and object to any lawsuit filed by him. Such an appointment is also unnecessary because TCB and the Trustee have discussed and contemplate <u>jointly</u> seeking payment of the Factored Accounts Receivable from the Retailers, and placing same in a blocked, joint account pursuant to the Stipulation pending resolution of the Adversary Proceeding.

### Conclusion

For the foregoing reasons, TCB respectfully requests that the Trustee's application for order authorizing Trustee to employ special counsel be denied, to the extent he will be

//
//
//
//
//
//
//
//
//
//

5

Ta Chong Bank Ltd. Objection Re Special Counsel

1 | authorized to collect the Factored Accounts Receivable.

4 | Dated: February 20, 2007           Corporate Strategists

*[signature]*

Cedric T. Chou
James A. Shalvoy
Attorneys for Secured
Creditor, Defendant, and
Counterclaimant
Ta Chong Bank Ltd.

STIPULATION AND [PROPOSED] ORDER
REGARDING MONIES OWED BY THIRD PARTIES

```
 1  Corporate Strategists
    Attorneys at Law
 2  Cedric T. Chou SBN 152583
    James A. Shalvoy SBN 129503
 3  1201 Morningside Drive
    Suite 215
 4  Manhattan Beach, CA 90266
    Tel 310-796-0447
 5  Fax 310-796-0277
    chou@csfirm.com
 6  shalvoy@csfirm.com

 7  Attorneys for Secured Creditor,
    Defendant, and Counterclaimant
 8  Ta Chong Bank Ltd.

 9  Aaron M. Oliner SBN 152373
    Geoffrey A. Heaton SBN 206990
10  Duane Morris LLP
    One Market Plaza
11  Spear Street Tower, Suite 2000
    San Francisco, CA 94105
12  Tel 415-957-3000
    Fax 415-957-3001
13  gheaton@duanemorris.com

14  Attorneys for Plaintiff and Counterdefendant
    Chapter 7 Trustee John T. Kendall
15
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re: | ) Case No. 06-41544 J7 |
| | ) (Chapter 7) |
| CYBERHOME ENTERTAINMENT, INC. | ) |
| | ) Adv. No. 06-04282 |
| Debtor. | ) |
| | ) **STIPULATION AND [PROPOSED]** |
| | ) **ORDER REGARDING MONIES** |
| | ) **OWED BY THIRD PARTIES** |
| _____ | ) |
| JOHN T. KENDALL, Trustee, | ) |
| Plaintiff, | ) |

1

|   |                               |   |
|---|-------------------------------|---|
| 1 |                             ) |   |
| 2 |        v.                   ) |   |
| 3 | TA CHONG BANK CO., LTD.     ) |   |
| 4 |        Defendant.           ) |   |
| 5 | ─────────────────────────── ) |   |
|   | TA CHONG BANK, LTD.,        ) |   |
| 6 |                             ) |   |
|   |        Counterclaimant,     ) |   |
| 7 |        v.                   ) |   |
| 8 | JOHN T. KENDALL, Trustee,   ) |   |
| 9 |        Counterdefendant.    ) |   |
|10 | ─────────────────────────── ) |   |

       Secured creditor, defendant, and counterclaimant Ta Chong Bank Ltd. ("TCB"), and plaintiff and counterdefendant Chapter 7 Trustee, John T. Kendall ("Trustee"), by and through their attorneys, and subject to the Court's approval, stipulate as follows:

       1.  On or about September 5, 2006 (the "Petition Date"), CyberHome Entertainment, Inc. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, Oakland Division (the "Bankruptcy Court").

       2.  Trustee is the duly appointed, qualified, and acting Chapter 7 trustee of the Debtor's bankruptcy estate.

       3.  TCB is a corporation organized under the laws of Taiwan, R.O.C., doing business in the state of California. TCB is listed in the Debtor's bankruptcy schedules as holding a secured claim of $42,319,407.00.

       4.  On or about December 20, 2006, Trustee commenced an adversary proceeding in the Bankruptcy Court against TCB,

alleging causes of action for: (1) avoidance and recovery of preferential transfers; (2) determination of extent, validity and priority of lien; (3) declaratory relief; (4) turnover and accounting of estate property; and (5) objection to claim (the "Adversary Proceeding").

    5. In the Adversary Proceeding, Trustee contends, among other things, that, prior to the Petition Date, TCB entered into one or more factoring agreements (the "Factoring Agreements") with the Debtor by which TCB claims to have purchased certain of the Debtor's accounts receivable.

    6. On or about December 22, 2006, TCB filed its Proof of Claim ("POC") in this matter, to which it attached copies of agreements it entered into with Debtor involving the factoring of Debtor's accounts receivable with, among others, Wal-Mart Stores, Inc. ("Wal-Mart"), Hitachi High Technologies America, Inc. ("Hitachi"), Target Stores, Inc. ("Target"), and Circuit City Stores, Inc. ("Circuit City") (collectively the "Retail Factored Accounts").

    7. The amount allegedly owing from the Retailed Factored Accounts is approximately $41,843,247.00.

    8. TCB claims that it purchased the Retail Factored Accounts outright and owns the monies owing on the Retail Factored Accounts free and clear as a result of agreements it entered into with Debtor involving the factoring of Debtor's accounts receivable. TCB also claims it has a secured interest in the monies owing on the Retail Factored Accounts as a result of a UCC-1 financing statement it filed with respect to, among other things, the Debtor's accounts receivable.

3

1         9. Trustee denies that the Factoring Agreements
2 constitute an actual sale to TCB of any of the Debtor's accounts
3 receivable, and further contends that the UCC-1 constitutes an
4 avoidable preferential transfer under 11 USC 547.
5         10. TCB and Trustee agree that, pending resolution of
6 the Adversary Proceeding:
7         a. TCB's counsel will send a demand letter to the
8 Retail Factored Accounts demanding payment of the amounts due and
9 owing from them; and counsel for TCB shall be in charge of the
10 collection activities. Any letters initiating collection
11 activities shall have attached to them the demand letter and a
12 copy of this stipulation and order, and shall specifically state
13 that they are being initiated and prosecuted on behalf of Ta
14 Chong Bank Ltd., for itself and as the duly authorized agent for
15 Chapter 7 Trustee, John T. Kendall, on behalf of the bankruptcy
16 estate of debtor CyberHome Entertainment, Inc.;
17         b. The demand letter will direct the Retail Factored
18 Accounts to make checks payable to TCB, and forward same to
19 counsel for TCB at its designated address;
20         c. All amounts received from the Retail Factored
21 Accounts shall be placed into an interest bearing account at a
22 federally insured banking institution located in Southern
23 California or other locations designated by TCB (the "Joint
24 Account");
25         d. Bank statements for the Joint Account shall be sent
26 to counsel for TCB, and an accounting of the Joint Account shall
27 be provided to counsel for Trustee every 60 days, or as
28 reasonably requested; and

4

Stipulation and [Proposed] Order Re Monies Owed By Third Parties

e. No monies shall be withdrawn from the Joint Account without either: (i) an order of the Bankruptcy Court or (ii) written consent of counsel for TCB, a representative of TCB, and counsel for Trustee.

11. TCB and Trustee agree that, in the event any of the Retail Factored Accounts fail or refuse to remit the full amount owed under the Factoring Agreements, and further collection activities or litigation is necessary to collect same, counsel for TCB shall initiate and prosecute such activities or litigation as appropriate.

In the event TCB initiates litigation against any of the Retail Factored Accounts, the Complaint in such litigation shall specifically state in the caption and the prayer for relief that TCB is suing in two capacities: first, it is suing on behalf of itself; and second, it is suing on behalf of Trustee, the duly appointed, qualified, and acting Chapter 7 trustee of the Debtor's bankruptcy estate, pursuant to this stipulation and order, in the following language:

**Caption:**

"Ta Chong Bank Ltd., for itself and as the duly authorized agent for Chapter 7 Trustee, John T. Kendall, on behalf of the bankruptcy estate of debtor CyberHome Entertainment, Inc.,

                    Plaintiff,

vs.

[Retailer's Name],

                    Defendant."

**Prayer:**

5

Stipulation and [Proposed] Order Re Monies Owed By Third Parties

> "TCB prays for judgment against defendant [Retailer] in the amount of $_____, in favor of plaintiff TCB, jointly for itself and as the duly authorized agent for Chapter 7 Trustee, John T. Kendall, on behalf of the bankruptcy estate of debtor CyberHome Entertainment, Inc."

All funds collected shall be made payable to TCB, forwarded to counsel for TCB, and immediately deposited into the Joint Account described in paragraph 10 herein, and subject to the same conditions and restrictions described in said paragraph.

12. TCB and Trustee stipulate and agree that TCB and the Debtor's estate shall share pro rata and each be responsible for compensating counsel for TCB for the fees, costs, and expenses (the "collection costs") incurred by it in initiating and prosecuting any of the collection activities or litigation referenced above in the same percentage as the amount of funds ultimately awarded to them from the Joint Account. For example, if TCB is awarded 100% of the funds from the Joint Account, it shall be responsible for 100% of the collection costs. If TCB is awarded 70% of the funds from the Joint Account, and the Trustee is awarded 30% of the funds from Joint Account, TCB shall be responsible for 70% of the collection costs, and the Trustee shall be responsible for 30% of the collection costs.

In the event Debtor's estate has insufficient assets to compensate TCB's counsel for its share of the collection costs, Trustee and TCB agree that TCB's counsel shall be compensated on a contingency basis equal to: one third (33 1/3%) of any amounts collected on behalf of or found to be due and owing to the

6

Stipulation and [Proposed] Order Re Monies Owed By Third Parties

1  Debtor's estate prior to the commencement of litigation; forty
2  percent (40%) of any amounts collected on behalf of or found to
3  be due and owing to the Debtor's estate after the commencement of
4  litigation; and fifty percent (50%) of any amounts collected on
5  behalf of or found to be due and owing to the Debtor's estate if
6  the matter is appealed. "Commencement of litigation" is defined
7  as either: (1) the filing of a complaint in a court of competent
8  jurisdiction; or (2) the filing of a statement of claim in any
9  arbitration proceeding. "Matter is appealed" is defined as the
10 filing of a notice of appeal from any judicial verdict or
11 judgment, or any arbitration award.
12        13. TCB and Trustee acknowledge and agree that this
13 stipulation is entered into (a) without prejudice to TCB's claim
14 that it purchased the Retail Factored Accounts outright and owns
15 the monies owing on the Retail Factored Accounts free and clear
16 as a result of agreements it entered into with Debtor involving
17 the factoring of Debtor's accounts receivable, and (b) solely to
18 prevent the Retail Factored Accounts from alleging and raising as
19 a defense to payment that they have received conflicting demands
20 for payment from TCB and Trustee.
21        14. Because a conflict exists due to TCB's counsel
22 representing both TCB and Trustee in the above described
23 collection activities against the Retail Factored Accounts,
24 Trustee, on behalf of the Debtor's estate, agrees to execute a
25 written waiver of that conflict of interest (the "waiver"). The
26 waiver shall also state that, in the event no agreement is
27 entered into between TCB and Trustee regarding disposition of the
28 monies collected from the Retail Factored Accounts and placed

7

Stipulation and [Proposed] Order Re Monies Owed By Third Parties

```
 1  into the Joint Account, Trustee specifically waives, and TCB's
 2  counsel shall not be disqualified due to, any conflict of
 3  interest from continuing to represent TCB against Trustee in any
 4  litigation arising out of disposition of the monies in the Joint
 5  Account.
 6
 7  IT IS SO STIPULATED.
 8
 9  Dated: February __, 2007            Corporate Strategists
10
11
12                                      _____
                                        Cedric T. Chou
13                                      James A. Shalvoy
                                        Attorneys for Secured Creditor
14                                      Ta Chong Bank Ltd.
15
16  Dated: February __, 2007            Duane Morris LLP
17
18                                      _____
                                        Aaron M. Oliner
19                                      Geoffrey A. Heaton
                                        Attorneys for Chapter 7
20                                      Trustee
                                        John T. Kendall
21
22  IT IS SO ORDERED.
23
24  Dated: February __, 2007            _____
                                        Honorable Edward D. Jellen
25                                      United States Bankruptcy Judge
26
27
28
```

8

Stipulation and [Proposed] Order Re Monies Owed By Third Parties

Case: 06-41544    Doc# 120    Filed: 02/20/07    Entered: 02/22/07 13:05:56    Page 15 of 17

```
                         PROOF OF SERVICE
                  In re Cyberhome Entertainment, Inc.
                       Case No. 04-41544 J7
```

I, James A. Shalvoy, declare:

1. I am over the age of 18 and not a party to the within action. My business address is 1201 Morningside Drive, Suite 215, Manhattan Beach, California 90266.

2. On February 20, 2007, I served documents described as:

> Objection of Ta Chong Bank Ltd. To trustee's application for order authorizing trustee to employ special counsel

on the parties to this action by causing same to be transmitted by U.S. Mail and facsimile, as indicated, addressed to:

> Stephen T. O'Neill
> Law Offices of Murray and Murray
> 19400 Stevens Creek Blvd., Suite 200
> Cupertino, CA 95014
> U.S. Mail
>
> Aron M. Oliner
> Duane Morris LLP
> One Market Plaza
> Spear Street Tower, Suite 2000
> San Francisco, CA 94105
> U.S. Mail and facsimile 415-957-3001
>
> United States Trustee
> 1301 Clay Street, Suite 690N
> Oakland, CA 94612
> U.S. Mail
>
> John T. Kendall
> 2411 Santa Clara Avenue, Suite 12
> Alameda, CA 94501
> U.S. Mail

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Manhattan Beach, California on February 20,

1

Proof of Service

1 | 2007.

_James A. Shalvoy_

2
Proof of Service